Arthur **JOHNSON**, et al., Plaintiffs,

v.

David **DINKINS**, et al., Defendants.

No. 89 Civ. 8637 (RWS).

United States District Court,
S.D. New York.

Feb. 13, 1991.

MEMORANDUM OPINION

SWEET, District Judge.

Defendants David Dinkins and New York City ("the City Defendants") and Mario Cuomo, the State of New York, the New York State Police and Lieutenant Kevin Molinari of the New York State Po-

lice ("the State Defendants") have moved to dismiss the Amended Complaint ("the Complaint") of *pro se* plaintiff Arthur Johnson ("Johnson")[1] under Rule 12(b)(6), Fed.R.Civ.P. Defendants Otto Obermaier and the Central Intelligence Agency (the "Federal Defendants") have moved under Rule 56, Fed.R.Civ.P., for summary judgment dismissing the Complaint. For the following reasons, the motions are granted and the Complaint is dismissed.

*The Facts*

Johnson is a resident of New York City who has over the course of several years attempted to register as a candidate for various political offices, including mayor of New York City, governor of the state of New York and president of the United States. Johnson asserts that these attempts have been rejected by the various defendants as part of a scheme to prevent him from building the public support necessary to achieve his political goal of becoming president. He further claims that his political activities and his plans concerning what he would do if elected have led to a plot by the CIA to assassinate him. In the course of this litigation, Johnson has sought preliminary injunctions to delay the New York gubernatorial election until he could be put on the ballot, to prevent the inauguration of the winner of that election, and to prohibit the Federal defendants from continuing their alleged surreptitious attempts on his life. Each of these requests has been denied.

Johnson's principal claim against the City and State defendants is that the city and state election laws which have prevented him from being recognized officially as a candidate violate the Fourteenth Amendment of the Constitution. In particular, Johnson seeks to have the court compel these defendants to modify the election laws to:

1) grant the official designated to oversee elections the discretionary power to enter a candidate on the ballot even if that candidate has not formally complied with the registration requirements;

2) permit independent candidates to file in both major party primaries;

3) permit independent voters to vote in either major party primary; and

4) permit any candidate who has qualified for entry on the presidential ballot in five states to automatically be placed on the presidential ballot in New York.[2]

In support of this request, Johnson cites the election laws of a number of states which incorporate one or more of these proposed reforms.

With regard to his claims against the Federal defendants, Johnson has submitted numerous statements detailing personal health problems which he alleges are the result of attempts to poison his food and water, and describing the extraordinary measures which he has undertaken to protect himself. In response, the CIA has submitted a declaration from Information Review Officer Katherine M. Stricker ("Stricker"), who states that she has conducted a thorough search of the CIA's files and has found no evidence that Johnson has ever been the subject of any intelligence activity or surveillance.[3]

*Discussion*

*1. Johnson has not stated a claim against the City and State defendants.*

In response to the City defendants' motion to dismiss, Johnson has conceded that his claim against the mayor personally is moot, and that he has no standing to challenge the election laws as a candidate who was unable to register. He argues,

1. Although Johnson has named several other plaintiffs, none of them has filed any papers or appeared in court. As he is not a lawyer, Johnson may not represent any of these individuals.

2. Johnson's brief on this point seeks to have such a candidate placed on the presidential ballot in all states and territories; however, as only New York authorities are involved in this case, the requested relief must be limited to this state.

3. The Federal defendants also base their motion on the fact that Johnson has not exhausted his administrative remedies by filing an administrative tort claim with the CIA, and that they were not timely served with the Complaint. Because Johnson has failed to create a genuine issue of fact concerning Stricker's declaration, it is unnecessary to reach these other grounds.

however, that his co-plaintiffs have standing as voters to assert their constitutional rights under the Fourteenth Amendment. Presumably, Johnson relies on the same grounds to oppose the State defendants' motion.

However, Johnson simply has not alleged any constitutional basis on which the city and state election laws could be declared invalid. His arguments in support of his proposed modifications are political arguments, alleging that because other states have adopted more liberal attitudes toward candidate registration and voter participation in primaries, New York should do likewise. This fails to establish a constitutional violation, no matter how sincerely Johnson feels that he could and would do a better job than those officials elected in his place. No cognizable cause of action has been set forth.

*2. Johnson has failed to show the existence of a triable issue concerning his claims against the Federal defendants.*

■ Johnson's allegations against the Federal defendants amount to a lengthy recitation of ailments which he alleges were caused by the CIA and his own statements that various people have told him that the CIA is interested in him. These contentions are inadequate to create a triable issue of fact when measured against the statement of Stricker that there is no record of any CIA interest in Johnson. While Johnson relies on what he characterizes as a "matter of public record" that the CIA does not document all of its clandestine operations in a way which would make them amenable to Stricker's search, he has not presented any facts to support a jury verdict in his favor against the Federal defendants or to defeat their summary judgment motion.

*Conclusion*

For all of the foregoing reasons, the motions of the defendants are granted and the Complaint is dismissed.

It is so ordered.